UNITED STATES of America,
Plaintiff–Appellee,

v.

Fred Jay OTTO, Defendant–Appellant.

No. 06–50277.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Orlando B. Gutierrez, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Robert L. Swain, Esq., Swain & Vance, San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Fred Jay Otto appeals from the 92–month sentence imposed following his guilty-plea conviction for Bank Robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Otto contends that the district court erred by denying his motion for a downward departure pursuant to U.S.S.G. § 5K2.13 and that his sentence is unreasonable because the district court failed to adequately consider his severe mental illness. We disagree.

A review of the record demonstrates that the district court properly calculated and considered the Guidelines, properly considered the sentencing factors pursuant to 18 U.S.C. § 3553(a), and analyzed the policy considerations of U.S.S.G. § 5K2.13 in denying a downward departure. Thus, Otto's sentence was reasonable. *See United States v. Mohamed,* 459 F.3d 979, 985–87 (9th Cir.2006).

Contrary to Otto's contentions, the district court properly considered his mental health problems. While addressing the § 3553(a) factors, the district court considered Otto's history of drug abuse, mental health and his use of a serious threat of violence in sentencing him to the low end of the Guidelines range.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.